IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Wendy Price, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:09-cv-2708-TLW |
| | ) | |
| Town of Atlantic Beach, Chairwoman | ) | |
| Alice Graham, Chief Randy Rizzo, | ) | |
| Councilwoman Charlene Taylor, | ) | |
| Councilwoman Josephine Isom, | ) | **ORDER** |
| Councilman Jake Evans, Commissioner | ) | |
| Linda Booke, Clerk Cheryl Pereira, | ) | |
| Manager William Booke, and Donnell | ) | |
| Thompson, | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff filed this action on October 17, 2009, alleging twelve causes of action. (Doc. #1). This matter is now before the Court for consideration of the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on December 7, 2009. (Doc. #9). The plaintiff filed a response in opposition on December 15, 2009. (Doc. #10). The Court will address the motion as it relates to each cause of action in turn.

**Standard for a Motion to Dismiss Pursuant to Rule 12(b)(6)**

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." <u>Federal Trade Commission v. Innovative Marketing, Inc.</u>, 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See also Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

**Ground One: Fraud**

The first cause of action stated in the plaintiff's complaint is for fraud under South Carolina law. In support of this claim, the plaintiff asserts that she attempted to run as a candidate for town counsel in Atlantic Beach, South Carolina. The plaintiff asserts that "Defendant Pereira gave Plaintiff required Financial Disclosure Forms and represented they were due October 19, 2009, Defendants knowing they were due September 10, 2009." (Doc. #1, ¶13). The plaintiff later notes that "[t]he Defendants represented to the Plaintiff that Financial Disclosure Forms were due October 19, 2009, and expected the Plaintiff to rely on this false representation," and adds that "Plaintiff had a right to rely on the representation as it was given by the Defendants in the course of their office .

2

. . Plaintiff did rely there on, to her detriment in not filing the said documents sooner." (Doc. #1, ¶ 22, 23). Finally, the plaintiff concludes by noting that "as a direct result and consequence of the fraudulent actions of the Defendants, Plaintiff was restrained from the exercise of her rights and suffered intense distress, public humiliation and other injury, incurred litigation costs, damages to her reputation and other injury." (Doc. #1, ¶ 24).

South Carolina Courts have held that "[t]o establish a cause of action for fraud, the following elements must be proven by clear, cogent, and convincing evidence: (1) a representation of fact; (2) its falsity; (3) its materiality; (4) either knowledge of its falsity or a reckless disregard of its truth or falsity; (5) intent that the representation be acted upon; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." Schnellmann v. Roettger, 645 S.E.2d 239, 241 (2007) (citing Kahn Constr. Co. v. S.C. Nat'l Bank of Charleston, 271 S.E.2d 414 (1980)). South Carolina courts have also noted that "[a] complaint is fatally defective if it fails to allege all nine elements of fraud," and that "[w]here the complaint omits allegations on any element of fraud, the trial court should grant the defendant's motion to dismiss the claim." Ardis v. Cox, 431 S.E.2d 267, 269 (1993) (internal citations omitted). In addition, Federal Rule of Civil Procedure 9(b) notes that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . . [m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally."

The Court has reviewed the allegations contained in the complaint in great detail. The Court concludes that the plaintiff's allegations, while lacking specificity, are sufficient to survive a Rule 12 motion. While the burden will be on the plaintiff to substantiate these allegations at a later stage in the proceedings, the defendants' motion to dismiss the plaintiff's fraud allegations at this stage

3

in the proceedings is **DENIED**.

### Grounds Two, Three, and Four: Violations of 42 U.S.C. § 1985

The plaintiff's second, third, and fourth causes of action all involve violations of 42 U.S.C. § 1985. More specifically, the plaintiff's second cause of action is for "Preventing an Officer from Holding Office" in violation of 42 U.S.C. § 1985. In support of the second cause of action, the plaintiff asserts that "the Plaintiff was a candidate for the office of councilwoman for Atlantic Beach in the state of South Carolina under the United States," and that "[t]he Defendants conspired by force, intimidation and threats to prevent the Plaintiff from holding that office." (Doc. #1, ¶ 26, 27).

The plaintiff's third cause of action is for "Obstructing Justice" in violation of 42 U.S.C. § 1985. In support of the third cause of action, the plaintiff alleges that "the Defendants conspired for the purpose of impeding, hindering, obstructing and Defeating the due course of justice in South Carolina with the intent to deny the Plaintiff the equal protection of the laws," and that "[t]he Defendants by force, intimidation and threats hindered the Plaintiff from obtaining that office." (Doc. #1, ¶ 30, 31).

The plaintiff's fourth cause of action is for "Depriving Persons of Rights" pursuant to 42 U.S.C. § 1985. In support of the fourth cause of action, the plaintiff alleges generally that "the Defendants conspired for the purpose of depriving the Plaintiff of the equal protection of the laws." (Doc. #1, ¶ 34).

The Fourth Circuit has held that "[t]he law is well settled that to establish a sufficient cause of action for 'conspiracy to deny equal protection of the laws' under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights

secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (citing Buschi v. Kirven, 775 F.2d 1240, 1257 (4th Cir. 1985)). The Fourth Circuit added that it has "specifically rejected section 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner, in the absence of concrete supporting facts." Id. at 1377.

While the plaintiff's allegations with regard to the five elements of a claim under 42 U.S.C. § 1985 are lacking specificity, the Court concludes that the allegations are sufficient to allow grounds two, three, and four to survive a Rule 12 motion. For this reason, the defendants' motion to dismiss the plaintiff's second, third, and fourth causes of action filed pursuant to 42 U.S.C. § 1985 is **DENIED**.

**Ground Five: Failure to Guarantee Republican Form of Government**

The plaintiff's fifth cause of action is for a failure to guarantee a republican form of government under Article I, Section 9[1] of the United States Constitution pursuant to 42 U.S.C. § 1983. In support of this claim, the plaintiff alleges that "the Defendants have turned the Town of Atlantic Beach into a de facto dictatorship, there has been fraud, vote buying, election fraud, the duly elected Mayor is prevented from participating in the government, citizens are arrested if they speak out in Town hall meetings, the state and federal constitution and laws are ignored, citizen's rights and safety are ignored and abused, public funds are pilfered and Defendant Thompson rules by unilateral decree." (Doc. #1, ¶ 37). The plaintiff adds that "[t]he declared policy of the Defendants is to destroy the church and any who support here, so as to protect their drug haven," and notes that

---

[1]The Court notes that the Guaranty Clause is found at Article 4, Section 4 of the United States Constitution.

"Defendants' souls are dead to religion, God, and the rights and suffering of their sisters and brothers." (Doc. #1, ¶ 37). The plaintiff further notes that "anyone opposed to Defendants are subject to all forms of harassment and intimidation." (Doc. #1, ¶ 38).

The United States Supreme Court has held that "[a]s to the guaranty to every state of a republican form of government (section 4, art. 4), it is well settled that the questions arising under it are political, not judicial, in character and thus are for the consideration of the Congress and not the courts." <u>Ohio ex rel. Bryant v. Akron Metropolitan Park Dist. for Summit County</u>, 281 U.S. 74, 80 (1930) (citing <u>Pacific States Telephone & Telegraph Co. v. Oregon</u>, 223 U.S. 118 (1912)). The conclusion that claims under the Guaranty Clause are not justiciable has been restated in later cases including <u>Baker v. Carr</u>, 369 U.S. 186, 217-18 (1962), <u>Risser v. Thompson</u>, 930 F.2d 549, 552 (7th Cir. 1991), and <u>Herbert v. United States</u>, 2007 WL 3020494 at *5 (D.S.C. 2007).

Applying the principles set forth above, the Court concludes that the plaintiff has failed to state a claim upon which relief can be granted with regard to this claim. For this reason, the defendants' motion to dismiss this cause of action is granted, and the plaintiff's fifth cause of action for failure to guarantee a republican form of government is hereby **DISMISSED**.

### Ground Six: Violation of Right to Travel Pursuant to 42 U.S.C. § 1983

The plaintiff's sixth cause of action is for violation of the Fourteenth Amendment Right to travel pursuant to 42 U.S.C. § 1983. In support of this allegation, the plaintiff asserts that "Defendants have violated the rights of the Plaintiff under the Fourteenth Amendment to the U.S. Constitution to take up residence where she chooses," and adds that "as a direct result and consequence of Defendant's violation of Plaintiff's rights to travel and live where she pleases, the Plaintiff has incurred legal expenses, costs and fees, has suffered injury to her reputation and has

experienced emotional distress and outrage." (Doc. #1, ¶ 41, 42). Within the earlier factual allegations section, the plaintiff makes numerous allegations about the Town of Atlantic Beach's efforts to prevent her from making renovations to a property that she leased within the town.

The plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983. Section 1983 provides that:

> every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and the laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

To establish a violation under 42 U.S.C. § 1983, the plaintiff must prove: (1) that the defendants deprived her of a right secured by the Constitution and laws of the United States, and (2) that the defendants deprived the plaintiff of this right under color of state statute, ordinance, regulation, custom or usage. Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001), Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Determining the applicability of Section 1983 requires the Court to first examine the underlying constitutional violations alleged in the complaint.

The United States Supreme Court has noted that the right to travel "embraces at least three different components." Saenz v. Roe, 526 U.S. 489, 500 (1999). More specifically, the right to travel "protects the right of a citizen of one State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." Id. The Supreme Court has also noted that "[a] state law implicates the right to travel when it actually deters such travel. . . . when impeding travel is its primary objective

. . . or when it uses any classification which serves to penalize the exercise of that right." Attorney General of New York v. Soto-Lopez, 476 U.S. 898, 903 (1986).  However, "[w]hile the Supreme Court has recognized a fundamental right to interstate travel, it has not determined whether there is a similar fundamental right to intrastate travel, and the Fourth Circuit has not directly addressed the issue." Shanks v. Forsyth County Park Auth., Inc., 869 F.Supp. 1231, 1235 (M.D.N.C. 1994). See also Eldridge v. Bouchard, 645 F. Supp. 749, 754-55 (W.D. Va. 1986), Willis v. Town of Marshall, 426 F.3d 251, 624-65 (4th Cir. 2005).

The Court notes that the plaintiff in this case has not asserted that she has been prevented from engaging in interstate travel. Rather, the plaintiff alleges that the defendants have taken steps to make it more difficult for her to take up residence within the Town of Atlantic Beach. In addition, the plaintiff has not identified a state statute, ordinance, regulation, custom or usage through which the defendants have acted to prevent her from taking up residence within the Town of Atlantic Beach. The Court concludes that the plaintiff has failed to meet the "facial plausibility" standard set forth in Iqbal and Twombly with regard to this claim. The defendants' motion to dismiss this claim is granted, and the plaintiff's sixth cause of action for violation of her constitutional right to travel pursuant to 42 U.S.C. § 1983 is **DISMISSED**.

## Ground Seven:  Conspiracy

The plaintiff's seventh cause of action is for conspiracy under state law. In support of this claim, the plaintiff asserts that the defendants have impeded her efforts to run for town council by attempting to prevent her from taking up residence within the town, preventing her from timely filing campaign documents, and by passing "an ordinance outlawing appointing anyone who had litigation against the Town to any position appointed by the Town." (Doc. #1, ¶ 17). The plaintiff alleges that

as a result of these actions, "the Plaintiff has incurred legal expenses, costs and fees, has suffered injury to her reputation and has experienced emotional distress and outrage." (Doc. #1, ¶ 46).

South Carolina courts have held that "[t]he tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage." Hackworth v. Greywood at Hammett, LLC, 682 S.E. 2d 871, 874 ((2009) (citing Vaught v. Waites, 387 S.E.2d 91, 95 (Ct. App. 1989)). The South Carolina Supreme Court has further held that "[a] claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint," and that "because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other cause of action." Id. (internal citations omitted).

Although the factual allegations with regard to the conspiracy claim are limited, the Court concludes that the plaintiff has stated facts sufficient to allow the complaint to survive a Rule 12(b)(6) motion. For this reason, the defendants' motion to dismiss the plaintiff's seventh cause of action for conspiracy is **DENIED**.

### Ground Eight: Bills of Attainder

The plaintiff's eighth cause of action is for "Bills of Attainder" pursuant to 42 U.S.C. § 1983. In support of this claim, the plaintiff asserts generally that "Defendants did pass laws aimed directly at Plaintiff." (Doc. #1, ¶ 48). Earlier in the "Factual Allegations" portion of the complaint, the plaintiff asserts that after the plaintiff had utility service turned on in her newly leased home, the "Defendants then passed an ordinance requiring Town approval before utility services could be provided to a property." (Doc. #1, ¶ 9). The plaintiff also asserts that after she attempted to run for town council, "Defendant in retaliation passed an ordinance outlawing appointing anyone who had

9

litigation against the Town to any position appointed by the Town." (Doc. #1, ¶ 17).

A bill of attainder has been described by the United States Supreme Court as "a law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." Selective Service System v. Minnesota Public Interest Research Group, 468 U.S. 841, 846-47 (1984) (quoting Nixon v. Administrator of General Services, 433 U.S. 425, 468 (1977)). The Supreme Court went on to note that "[i]n forbidding bills of attainder, the draftsmen of the Constitution sought to prohibit the ancient practice of the Parliament in England of punishing without trial 'specifically designated persons or groups.'" Id. at 847 (citing United States v. Brown, 381 U.S. 437, 447 (1965)). As other Courts have noted, "a law constitutes an unconstitutional bill of attainder if it satisfies three criteria: (1) it must specify the affected persons; (2) it must be punitive; and (3) it must fail to provide for the protections of a judicial trial." A Helping Hand, LLC v. Baltimore County, 299 F. Supp. 2d 501, 503 (D. Md. 2004).

As an initial matter, although the plaintiff makes reference to the policies at issue, the plaintiff has not specifically identified the ordinances or policies of the Town of Atlantic Beach which are alleged to constitute improper bills of attainder. The Court cannot determine whether the provisions to which the plaintiff refers generally have been enacted into law, nor discern the specific details or language contained in the policies. However, the plaintiff has alleged that the policies at issue are aimed directly at the plaintiff. In addition, based on the limited record before the Court at this time, the Court cannot conclude that the policies identified generally in the complaint do not constitute "punishment" under the caselaw addressing bills of attainder.

The Court does note that the second policy addressed in the complaint appears to limit the qualifications for individuals appointed to positions by the Town of Atlantic Beach. As the United

States Supreme Court has noted, the leading cases "applying the federal constitutional prohibitions against bills of attainder . . . recognized that the guarantees against such legislation were not intended to preclude legislative definition of standards of qualification for public or professional employment," and noted that "'[t]he legislature may undoubtedly prescribe qualifications for the office to which [an individual] must conform, as it may, where it has exclusive jurisdiction, prescribe qualifications for the pursuit of any of the ordinary avocations of life.'" Garner v. Board of Public Works of City of Los Angeles, 341 U.S. 716, 722 (1951) (quoting Ex parte Garland, 18 L.Ed. 366 (1867)). Thus, it will be up to the plaintiff to establish that the qualifications created by the town policies, allegedly aimed directly at the plaintiff, constitute improper bills of attainder in light of this precedent. However, the Court concludes that the allegations in the complaint are sufficient to allow this claim to survive a Rule 12 motion. For this reason, the defendants' motion to dismiss the plaintiff's eighth cause of action for bills of attainder pursuant to 42 U.S.C. § 1983 is **DENIED**.

### Ground Nine: Violation of Freedom of Religion Pursuant to 42 U.S.C. § 1983.

The plaintiff's ninth cause of action is for violation of her First Amendment freedom of religion pursuant to 42 U.S.C. § 1983. In support of this contention, the plaintiff states that "Defendants did violate the Plaintiff's rights under the First Amendment to practice her faith freely and to express her beliefs freely . . . Defendants have adopted as policy an anti-Christian, anti-Religious program to run Plaintiff and her church out of town." (Doc. #1, ¶ 51).

The plaintiff brings this cause of action pursuant to 42 U.S.C. § 1983. As stated earlier, to establish a violation under 42 U.S.C. § 1983, the plaintiff must prove: (1) that the defendants deprived her of a right secured by the Constitution and laws of the United States, and (2) that the defendants deprived the plaintiff of this right under color of state statute, ordinance, regulation,

custom or usage.  Mentavlos v. Anderson, 249 F.3d 301, 310 (4th Cir. 2001), Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. Amend. I.  The "Religion Clauses" are made applicable to the states through the Fourteenth Amendment and are "designed to protect religious liberty." Brown v. Gilmore, 258 F.3d 265, 274 (4th Cir. 2001) (internal citations omitted). Courts have noted that "[t]he Establishment Clause limits any governmental effort to promote particular religious views to the detriment of those who hold other religious beliefs or no religious beliefs, while the Free Exercise Clause affirmatively requires the government not to interfere with the religious practices of its citizens." Id. at 274.   The United States Supreme Court has further held that the Free Exercise Clause "requires government respect for, and noninterference with, the religious beliefs and practices of our Nation's people." Cutter v. Wilkinson, 544 U.S. 709, 719 (2005).

The plaintiff in this case has stated no facts from which the Court can conclude that the defendants have violated her rights to Freedom of Religion under the Free Exercise Clause of the First Amendment.  The plaintiff has asserted no facts suggesting that her Free Exercise rights have been violated, nor identified any state statute, ordinance, regulation, custom or usage through which the defendants have violated her Free Exercise rights.  Thus, the Court concludes that the plaintiff has failed to meet the "facial plausibility" standard set forth in Iqbal and Twombly with regard to this claim.  The defendants' motion to dismiss this claim is granted, and the plaintiff's ninth cause of action for violation of her First Amendment Freedom of Religion pursuant to 42 U.S.C. § 1983 is **DISMISSED**.

## Ground Ten: Violation of Free Speech

The plaintiff's tenth cause of action is for violation of her free speech rights. In support of this claim, the plaintiff states that "Defendants did violate the Plaintiff's rights under the First Amendment to speak freely and criticize the government by retaliating against her for speaking." (Doc. #1, ¶ 54). Earlier in the "Factual Allegations" section of the complaint, it is noted that "Plaintiff is the pastor of the Atlantic Beach CME Missionary Church and a vocal critic of the corruption, dishonesty and abuse of the government of Atlantic Beach and the Defendants . . . Plaintiff decided to offer herself as a candidate for town counsel to try to reform the Town." (Doc. #1, ¶ 6).

The Fourth Circuit has held that "[t]he First Amendment guarantees an individual the right to speak freely, including the right to criticize the government and government officials," and that "[f]ear of retaliation may chill an individual's speech, and, therefore, permit the government to produce a result which [it] could not command directly." Trulock v. Freeh, 275 F.3d 391, 404 (4th Cir. 2001) (internal citations omitted). The Fourth Circuit has added that "[t]o establish a First Amendment retaliation claim, a plaintiff must prove three elements: (i) that [her] speech was protected; (ii) that the defendant's allegedly retaliatory action adversely affected [her] constitutionally protected speech; and (iii) that a causal relationship existed between [her] speech and the defendant's retaliatory action." Id.

As cited herein, the plaintiff has alleged retaliatory acts on the part of the defendants such as alleged attempts to prevent the plaintiff from taking up residence in the Town of Atlantic Beach, and to prevent the plaintiff from successfully running for town council. The plaintiff alleges generally that she has been a "vocal critic" of the defendants. (Doc. #1, ¶ 6). However, the plaintiff

has failed to allege a plausible causal relationship between her protected speech and any alleged retaliatory action. Importantly, the plaintiff has provided no examples of any protected speech in which she has engaged, or which has allegedly prompted adverse reaction by the defendants. In essence, no speech is alleged in the complaint, nor any conduct by the defendants that limit free speech, even if it had been alleged. Thus, the Court concludes that the plaintiff has failed to meet the "facial plausibility" standard set forth in Iqbal and Twombly with regard to this claim. The defendants' motion to dismiss this claim is granted, and the plaintiff's tenth cause of action for violation of her First Amendment freedom of speech rights pursuant to 42 U.S.C. § 1983 is **DISMISSED**.

**Ground Eleven: Failure to Prevent Deprivation of Rights Pursuant to 42 U.S.C. § 1986**

The plaintiff's eleventh cause of action is for deprivation of rights pursuant to 42 U.S.C. § 1986. Section 1986, in relevant part, provides a cause of action against:

> [e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prvent or aid in preventing the commission of the same, neglects or refuses to do so, . . . shall be liable to the party injured . . . for all damages cause by such wrongful act.

In addition, "[a] cause of action based upon § 1986 is dependent upon the existence of a claim under § 1985." Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985). As the Court has determined that the plaintiff has stated sufficient facts to allow her claims pursuant to 42 U.S.C. § 1985 to survive, the Court concludes that it is appropriate to allow the plaintiff to pursue her Section § 1986 claims. For this reason, the defendants' motion to dismiss the plaintiff's eleventh cause of action for failure to prevent deprivation of rights pursuant to 42 U.S.C. § 1986 is **DENIED**.

**Ground Twelve: Deprivation of Property**

The plaintiff's twelfth cause of action is for deprivation of property under the constitution. In the complaint, the plaintiff asserts that "Defendants violated Plaintiff's rights under the Fifth Amendment by depriving the Plaintiff of property without due process by destroying the value of Plaintiff's leasehold and thereafter failing to provide just compensation." (Doc. #1, ¶ 60).

The Fourth Circuit has noted that "the due process clause of the Fifth Amendment applies to action by the federal government," and that a due process action against a state entity "must be grounded in the Fourteenth Amendment's due process clause." Quest Communications Corp. v. City of Greensboro, 440 F. Supp. 2d 480, 494 (M.D.N.C. 2006). To state a claim for relief, the plaintiff "must set forth (1) a cognizable property interest, rooted in state law; and (2) an arbitrary and capricious deprivation of that right." Id. at 493-94 (citing Scott v. Greenville County, 716 F.2d 1409, 1418 (4th Cir. 1983)). In addition, "the property interest claimed must be more than a 'unilateral expectation,' it must be a 'legitimate claim of entitlement.'" Id. at 494 (quoting Biser v. Town of Bel Air, 991 F.2d 100, 104 (4th Cir. 1993)).

The factual allegations with regard to this claim are limited. However, the Court concludes that the facts alleged in the complaint are sufficient to allow the plaintiff's constitutional deprivation of property claim to survive a Rule 12(b)(6) motion to dismiss. The complaint contains a number of allegations regarding attempts by individuals, some directly associated with the Town of Atlantic Beach, to prevent the plaintiff from obtaining permits, completing work, or having utility service provided to her newly leased property. Although the burden will be on the plaintiff to provide evidence to substantiate these allegations as the case progresses, the Court cannot conclude that the allegations are insufficient to state a claim for relief as a matter of law. For this reason, the

defendants' motion to dismiss the plaintiff's twelfth cause of action for deprivation of property pursuant to the constitution is **DENIED**.

## **CONCLUSION**

For the foregoing reasons, the defendants' motion to dismiss, (Doc. #9), is **GRANTED** in part and **DENIED** in part.

The defendants' motion to dismiss is **DENIED** as to the plaintiff's first cause of action for fraud; the plaintiff's second cause of action for preventing an officer from holding office pursuant to 42 U.S.C. § 1985; the plaintiff's third cause of action for obstructing justice pursuant to 42 U.S.C. § 1985; the plaintiff's fourth cause of action for depriving persons of rights pursuant to 42 U.S.C. § 1985; the plaintiff's seventh cause of action for conspiracy; the plaintiff's eighth cause of action for bills of attainder; the plaintiff's eleventh cause of action for failure to prevent deprivation of rights pursuant to 42 U.S.C. § 1986; and the plaintiff's twelfth cause of action for deprivation of property.

The defendant's motion to dismiss is **GRANTED** as to the remaining claims, and the plaintiff's fifth cause of action for failure to guarantee a republican form of government is hereby **DISMISSED**; the plaintiff's sixth cause of action for violation of the right to travel is hereby **DISMISSED**; the plaintiff's ninth cause of action for violation of freedom of religion is hereby **DISMISSED**; and the plaintiff's tenth cause of action or violation of free speech is hereby **DISMISSED**.

**IT IS SO ORDERED**.

    s/Terry L. Wooten
    United States District Judge

April 7, 2010
Florence, South Carolina